UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas Carroll Cooper, III, | ) | C/A No. 9:25-cv-13868-TMC-MHC |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Director Greenville County Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Thomas Carroll Cooper, III, seeks habeas relief. Under 28 U.S.C. § 636(b) and

Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the

assigned United States Magistrate Judge.

In an Order dated January 22, 2026, Petitioner was given notice of deficiencies and of the

recharacterization of his Petition that was filed under 28 U.S.C. § 2254 (§ 2254) as a Petition under

28 U.S.C. § 2241 (§ 2241). Petitioner was also given the opportunity to bring his case into proper

form by providing the items specified (a signed copy of the Petition initially submitted and a

completed and signed Form AO-242 (Petition for a Writ of Habeas Corpus under § 2241)). ECF

No. 5. Petitioner has not responded to the Order and has not provided the items needed to bring

his case into proper form.

## I.     BACKGROUND

Petitioner is a pretrial detainee at the Greenville County Detention Center. He filed a

Petition for a writ of habeas corpus on an unsigned and incomplete "Westlaw" 28 U.S.C. § 2254

form. Petitioner's ground for relief is ineffective assistance of counsel. ECF No. 1 at 4. He states

that he is challenging his convictions and sentences on 2023 criminal charges for driving on a

suspended license, driving while under the influence (DUI), carjacking, and kidnapping. *Id.*

However, as discussed below, there is no indication that Petitioner has been convicted and sentenced on these charges.

Records from Greenville County indicate that Petitioner has pending charges for driving under the influence, less than 10, 1st offense (case number 20232770001633, indictment number 2024GS2302776); driving under suspension, license not suspended for DUI-1st offense (case number 20232770001634, indictment number 2024GS2302777); kidnapping (case number 2023A2320100271, indictment number 2024GS230778); and carjacking (case number 2023A2320100270, indictment number 0000GS23). *See* Greenville County 13th Judicial Circuit Public Index, [search case numbers listed above] (last visited Mar. 5, 2026).[1]

## II.   STANDARD OF REVIEW

A pro se habeas petition is reviewed pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court, 28 U.S.C. § 2254;[2] the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983). The Court is charged with screening Petitioner's lawsuit to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts.

---

[1] A federal court may take judicial notice of the contents of its own records, as well as those records of other courts. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that courts may take judicial notice of other courts' records and proceedings).

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under 28 U.S.C. § 2241 (§ 2241). *See* Rule 1(b), Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254.

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III.     DISCUSSION

It is recommended that this Petition be dismissed for the reasons discussed below.

A.     Failure to Sign Petition

Initially, this action is subject to summary dismissal because Petitioner failed to sign the Petition. *See* ECF No. 1. Rule 11 of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

B.     Failure to Request Relief

This action is also subject to summary dismissal because there is no request for relief in the Petition. Thus, the Petition fails to adhere to Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts which requires that a § 2254 petition "state the relief requested." *See* Rule 2(c)(3) of the Rules Governing § 2254 Cases; *see also Kadik v. Perry Cnty.*, No. 6:18-CR-306-HRW-MAS, 2018 WL 7107200 (E.D. Ky. Dec. 26, 2018) (noting that the petitioner's failure to specify the type of relief requested, as required by Rule 2(c)(3), "only further supports dismissal"), *report and recommendation adopted*, No. CV 18-306-HRW, 2019 WL 289801 (E.D.

Ky. Jan. 22, 2019).

C.     § 2254

As noted above, Petitioner filed this as a Petition under § 2254. However, he cannot show that he is entitled to relief under § 2254 because he is not "in custody pursuant to the judgment of a State court," and thus § 2254 does not apply. *See* 28 U.S.C. § 2254 (State custody; Remedies in Federal Courts). Instead, the Petition is governed by § 2241. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (pre-trial petitions are properly brought under 28 U.S.C. § 2241; a petition under 28 U.S.C. § 2254 would be improper because that section applies only to post-trial situations affording relief to a petitioner "in custody pursuant to the judgment of a state court."). Thus, to the extent this Petition is brought under § 2254, it is subject to summary dismissal.

D.     § 2241, Abstention

To the extent that Petitioner may be attempting to challenge his pending criminal charges under § 2241, the Petition should be dismissed on abstention grounds. Ordinarily, federal habeas corpus relief for a state prisoner is only available post-conviction. However, pretrial petitions for habeas corpus may be brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (*quoting Dickerson*, 816 F.2d at 224). Generally, however, "'[a]n attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus. *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

4

Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (*citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner is currently a pretrial detainee as to the challenged criminal charges, such that the first prong of the abstention test is satisfied. *See Boyd v. South Carolina*, No. 1:11-cv-02981-TMC-SVH, 2012 WL 786341, at *2 (D.S.C. Feb. 10, 2012), *report and recommendation adopted*, 2012 WL 786356 (D.S.C. Mar. 9, 2012) (noting the first prong of the abstention test is satisfied where the petitioner "is currently awaiting trial in an ongoing state criminal proceeding"). The second criterion has been addressed by the Supreme Court's holding that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief[,]" *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). In addressing the third criterion, the Supreme Court has noted that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Thus, this case meets all criteria for abstention under *Younger*, and federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson v. State of La.*, 816 F.2d 220, 224-226 (5th Cir. 1987)*; see also Braden v. 30th Judicial*

*Circuit Court*, 410 U.S. 484, 489–90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention; thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975); *cf. Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention because the "very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. In *Moore*, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. *Id.*; *see generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d at 226–227.

To the extent Petitioner is attempting to challenge pending criminal charges, he may raise his claims in state court. Here, Petitioner does not allege any extraordinary circumstances to show that pretrial intervention would be appropriate. As Petitioner can pursue claims as to any pending criminal charge in state court both during and after trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief. *See Younger*, 401 U.S. at 43–44. Petitioner is therefore precluded from federal habeas relief at this time, and the Petition should be summarily dismissed.

E.    Failure to Bring Case into Proper Form

As noted above, Petitioner has also failed to bring this case into proper form. In the Court's January 2026 Order, Petitioner was given the opportunity to bring his case into proper form by submitting a signed copy of his initial Petition and a completed and signed Form AO-242.

Petitioner was specifically warned that his failure to provide the necessary items within the timetable set forth in the Order would subject the case to dismissal. *See* ECF No. 5.

The deadline for Petitioner to get his case into proper form has passed and Petitioner has not provided the proper form items. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV.     **RECOMMENDATION**

Accordingly, it is **RECOMMENDED** that the Petition in this action be **DISMISSED** without prejudice and without requiring Respondent to file a return.

**Petitioner's attention is directed to the important notice on the next page.**

Molly H. Cherry
United States Magistrate Judge

March 9, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).