**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Thomas Carroll Cooper, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 9:25-cv-13868-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Director Greenville County Detention Center, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, who is a pretrial detainee proceeding *pro se* and *in forma pauperis*, seeks relief under 28 U.S.C. § 2241.[1] (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the instant Petition be dismissed without prejudice and without requiring Respondent to file a return. (ECF No. 10). The magistrate judge notified Petitioner of his right to file objections. *Id*. at 8. The Clerk's office mailed the Report to Petitioner's last known address, (ECF No. 11), and it was not returned to the court as undeliverable. Petitioner has failed to file any objections to the Report, and the deadline to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made and need not conduct *de novo* review 'when a party

---

[1] The magistrate judge recharacterized Petitioner's Petition that was filed under 28 U.S.C. § 2254 as a Petition under 28 U.S.C. § 2241. (ECF Nos. 5 at 1–2, 10 at 1).

1

makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin*

2

*v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally").  This does not mean, however, that the court can ignore the Petitioner's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

The court notes that one of the magistrate judge's reasons for recommending dismissal of the Petition was Petitioner's failure to bring the case into proper form.  (ECF No. 10 at 7–8).  However, after the Report was filed, the proper form order previously entered by the magistrate judge, (ECF No. 5), was returned as undeliverable.  (ECF No. 15).  As such, the court declines to adopt the portion of the Report recommending dismissal based on failure to bring the case into proper form.  However, the magistrate judge provided numerous other reasons for dismissal, which Petitioner did not object to.  As such, after a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 10), which is incorporated herein by reference, as modified.  Accordingly, the Petition is **DISMISSED** *without prejudice* and without requiring Respondent to file a return.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant

matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
April 2, 2026

4